IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

FEB 12

CLERK, U S DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:14-CR-58 |
| ) | |
| COREY AARON TURNER, ) | |
| ) | |
| a/k/a "Aaron Socio" ) | Count 1: 18 U.S.C. § 875(c) |
| a/k/a "The Queen's Hand" ) | Interstate Communication of a threat |
| ) | to Injure the Person of Another |
| ) | |
| Defendant, ) | Count 2: 18 U.S.C. § 2261A(2)(B) |
| ) | Cyberstalking |
| ) | |
| ) | Count 3: 18 U.S.C. § 1951(a) |
| ) | Interference with Interstate |
| ) | Commerce by Extortion |
| ) | |

## INDICTMENT

**FEBRUARY 2014 TERM — at Alexandria, Virginia**

THE GRAND JURY CHARGES THAT:

BACKGROUND

1. Since at least in or about 2008, up through and including at least in or about January 2014, a group of hackers referring to themselves as "Anonymous" has been a loose confederation of computer hackers and others sharing, among other things, common interests, common slogans, common identifying signals, common tactics of harassment and intimidation and common methods of attacking their targets. During that time period, members of Anonymous have waged a deliberate campaign of online destruction, intimidation and criminality by denial-of-service attacks, publication of protected or confidential information and

harassment of businesses, individuals and government entities in the United States and throughout the world.

2. Such attacks involved, inter alia, (1) breaking into computer systems, deleting data and stealing confidential information, including encrypted and unencrypted sensitive personal information; (2) de-encrypting confidential information stolen from victims' computer systems, including encrypted passwords; (3) publicly disclosing stolen information on the Internet by posting it to certain websites known in the hacking community; (4) hacking into and/or hijacking victims' social media accounts such as Twitter and Facebook; (5) defacing websites; or (6) "doxing," that is, publicly disclosing online a victim's personal identifying information, such as the victim's name, address, social security number, email addresses or accounts, and personal telephone numbers, with the object of, among other things, intimidating the victim or subjecting the victim to harassment.

3. At various times relevant to this indictment, and as part of Anonymous, the defendant sought to publicize his campaign against his victims by (1) posting messages to the online social media accounts of the victims threatening to do harm to them, their family members and their employer; (2) "Doxing" his victims on a "Pastebin" account, a website known to hackers used to disseminate information; and (3) promoting his activities with other members of Anonymous unknown to the Grand Jury.

4. At all times relevant to this indictment the defendant's purpose was to threaten, harass and intimidate members of what he referred to as the "war machine", both individually and as members of the armed forces, government agencies and large corporate contractors with government agencies, into halting their operations and in order to drive them out of business and cause fear of great economic loss.

(COUNT ONE)

THE GRAND JURY FURTHER CHARGES THAT:

5. At all times relevant to this indictment, Corey Aaron Turner used the alias "Aaron Socio" of Anonymous, or "The Queen's Hand" of Anonymous Special Operations.

6. As used in this indictment the term "hit list" is a colloquial term meaning to designate that individual as a target for death, serious bodily injury or harassment by known violent criminal organizations.

7. The defendant maintained a list of violent criminal organizations such as the KKK, Aryan Brotherhood, Muslim Brotherhood, Mara Salvatrucha 13 (MS13) and others, on his "pastebin" account, an interactive computer service storing information posted by the defendant.

THE GRAND JURY FURTHER CHARGES THAT:

8. On or about November 20, 2012, in Arlington County, Virginia, within the Eastern District of Virginia, the defendant, COREY AARON TURNER, did knowingly transmit in interstate commerce from Marietta, Georgia, to Arlington, Virginia, a telephone communication threatening to injure K. M., an employee of the Pentagon, by putting her on a "hit list" of known violent criminal organizations, to wit, Aryan Brotherhood, KKK, Muslim Brotherhood and MS 13.

(In violation of Title 18, United States Code, Sections 875(c).)

## (COUNT TWO)

THE GRAND JURY FURTHER CHARGES THAT:

9. On or about November 6, 2012, and November 8, 2012, in the Eastern District of Virginia and elsewhere, the defendant COREY AARON TURNER, with the intent to place D. B-M. and her spouse and children in fear of death or serious bodily injury, did call her personal wireless telephone number and used interactive computer services, to wit, Comcast, Google gmail, LinkedIn and Twitter, used in interstate/foreign commerce, from Marietta, Georgia, communicating a threat to place D. B-M. on a hit list with known violent criminal organizations and that she should expect a visit to her home and family by members of these organizations, and caused substantial emotional distress to D. B-M., who then left the state of Virginia to return to her native state of New York.

(In violation of Title 18, United States Code, Section 2261A(2)(B).

## (COUNT THREE)

THE GRAND JURY FURTHER CHARGES THAT:

10.　On or about November 6, 2012, and November 7, 2012, in the Eastern District of Virginia, Defendant, COREY AARON TURNER, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, Defendant attempted to obtain the property of Northrop Grumman Corporation, to wit, seeking their withdrawal from the conduct of business with the United States Government, with Northrop Grumman's Corporation's consent, induced by the wrongful threat of force, violence, and fear, including fear of economic loss, by using a facsimile to transmit threats to W. B., Corporate Executive Officer of Northrop Grumman, and by using interactive computer services such as Twitter, Facebook and LinkedIn to do the same, and by making repeated telephone calls to the Director of Strategic Communications at Northop Grumman, D. B-M., and other employees at Northrop Grumman who are not known to the Grand Jury.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

*[signature]*

Adam Hill
Special Assistant United States Attorney

Karen Taylor
Assistant United States Attorney

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

Foreperson